# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2016 OCT 20 AM 10: 11
DEPUTY CLERK

Andre W. Williams Sr.
Plaintiff

v.

Civil Action No. 3-16CV-2943L

Waste Management(+3 Individuals)
Defendant

## COMPLAINT

Discrimination, Age, Disabiltiy, Retaliation, Constructive Labor Practices

May 27, 2012   Began employment with Waste Management in Oklahoma City, Ok, @ $15 per hr in the residential Bulky Department. The environment at work supported several incidents of Racial Discrimination. I experienced and heard the use of the "N" word. Descriptive words were often used such as "monkeys","the bro's","anguses", "baboon", "jigaboos","the kuntas" in reference to African-Americans. Racial slurs were also used towards Hispanics.

February 12, 2013   I applied online for a Route Manager position in Lewisville, TX . Due to the fact that there were no African-American supervisors in Oklahoma Cityat the time of my employment, this posed a conflict with my job. I was denied the position.

February 27, 2013   I received a voicemail call from HR Recruiter Vinny Gumlich , inquiring if I was still interested in the Residential Drivers Position in Lewisville, TX. I had applied for this position online.

March 28, 2013   Near this time I tranferred with Waste Management to Lewisville ,TX from Oklahoma City. The new position was a Roll Off Driver and the pay stated would be a $1 per hr morethan my current position. Since I had completed my probationary period while assigned to Oklahoma City that also allowed me an additional $1 per hour bringing my hourly pay rate to $17. The scheduled hours varied between 4:30am-8pm, 6pm-5am.

April 24, 2013   I contaced my current Supervisor in the Roll Off Department, Henry Short ( who is African- American),in my letter to Mr. Short, I addressed the work hours of 6am-2pm and as we had discussed I mentioned the subject of driving an automatic transmission truck. Our communication was through letters/notesdue to the difference of hours we both worked.

* Attach additional pages as needed.

Date       10/19/2016

Signature  *[signed]* W. Williams SR.

Print Name  Andre W. Williams Sr.

Address     1702 Windsong Trl

City, State, Zip  Richardson, TX 75081

Telephone   469-831-2859

| | |
|---|---|
| Andre w. Williams Sr. <br> 1702 Windsong Trail <br> Richardson, TX 75081 <br> 469-831-2859 | VS     WASTE MANAGEMENT INC. <br> LOUIS RAMIREZ <br> LANCE BUTLER <br> MARK JOHNSON |

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

(FACTS FOR CLAIM CONTINUED)

May 22, 2013 I receive notification that I was chosen to return to Oklahoma City to assist in the tornado disaster cleanup which occurred in Moore Oklahoma. I was informed I could be working Oklahoma City for several weeks. My work assignment was as a roll off driver. While in Oklahoma City my work hours returned back to working 6am completing my work day sometime between 2 pm and 4pm

June 15, 2013 I returned back to Dallas Texas to resume my regular position as a roll off driver in Lewisville, Texas

June 17, 2013 At this time I notify my immediate supervisor Henry short that while I was assisting in Oklahoma City I had noticed a change in my health for the better and under requirement by the Federal Department of Transportation I informed my supervisor of the comparison of the different hours I work and how I was affected.

June 18, 2013 My supervisor Henry Short left me a voicemail informing me that he was sending me to Concentra; the company doctor and medical facility as part of a DOT procedure and were also going to discuss with me about going residential. During no conversation with my supervisor, Mr. Short or the WM recruiter Vinny, was I informed that transferring to a residential driving positon, would mean a reduction in pay. I was informed that because of my experience and all the equipment that I could operate I would stay at my same Pay rate.

June 19, 2013 Mr. Short, my current supervisor, again responded in a voicemail, that he was checking in on me since he had not heard back from me or the company doctor. I relayed to Mr. Short that I was unable to meet with the company doctor as yet, due to the doctor requesting documentation that would take me some time to get completed. Henry had confided in me that the reason he was taking this precaution was due to the fact he was a black supervisor and was closely monitored and scrutinized for certain matters when other white supervisors were not. He confided that he was trying to assist me while he could because it was questionable whether he would remain in his position. At this time, Mr. Short stated that the general management's belief was that the black employees were not skilled enough to be in leadership. Ironically the same general manager that was in Oklahoma City, where there were no black individuals in management, which was my basis for my transfer to the Texas Lewisville Waste Management facility, was now being transferred also to the Lewisville location and after being in his position for quite a while Mr. Henry Short was being demoted

June 19, 2013 1 was temporarily disqualified from working and taken out of service by the company doctor at the Concentra medical facility. The company doctor requested medical information from my treating physician in addition to a letter from physician stating the effects of the medication I was taking and whether or not it would affect my ability to drive. The requests from the company doctor were based upon referencing to DOT regulations.

| | | |
|---|---|---|
| Andre w. Williams Sr. | VS | WASTE MANAGEMENT INC. |
| 1702 Windsong Trail | | LOUIS RAMIREZ |
| Richardson, TX 75081 | | LANCE BUTLER |
| 469-831-2859 | | MARK JOHNSON |

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

June 27, 2013 Mark Johnson the new roll off supervisor; returns my phone call after I left him several messages trying to contact him regarding this decision.

June 27, 2013 AT 3:33 PM I receive a voicemail from HR Renée Helms; whom I contacted out of frustration that my current supervisor, Mark Johnson, would not a response to my calls regarding my job status. After Ms. Helm's left the above message, I received a call from Mr. Johnson at 4:47 PM that same day.

June 28, 2013 1 received the medical letter from my treating physician stated that if taken as directed the medication would not affect my workability nor affect any driving. This was then submitted to the WM company doctor for their review. After the WM doctor reviewed my attending doctors letter, I was given a clean bill of health and acknowledges that I am able and cleared to return back to work. Ironically I receive a letter in the mail the same day stating that I had applied for short term disability. This was not correct as I never applied for any type of assistance, someone from the company took it upon themselves to apply for me. I also received another letter the same day, from company division called TOPS, informing me I was ineligible for FMLA, due to my length of service; I did not qualify. The HR department keeps insisting that I pursue avenues to stay off work instead of allowing me to return back to duty with accommodations that were already in the motion of being arranged for me by my previous supervisor Henry Short

June 28, 2013 This was my first meeting with Mark Johnson and his immediate supervisor Lance Butler. This meeting was to discuss what accommodations I would need and cover the medical information that was provided along with back payment of wages for the time I been out. In addition to a confirmed date when I could return to work. During this meeting, Mark Johnson begins making discriminating statements regarding my age and race. Mr. Johnson stated that I am too old to work and do this job. Lance Butler informs me that they are creating some new shifts that would begin at 10 AM and work a mid-day shift. Mr. Butler also made race discriminating statements at this time; he stated that he could care less whether I worked there or quit and went to go pick cotton I just needed to make a decision.

July 1, 2013 1 filed a complaint with OSHA Texas Department of insurance; spoke with investigator Dale Grace in reference to company not fixing the speedometer in my equipment after making several requests, equipment leaking heavy amounts of oil, overly large cracks in cab roof, upholstery torn and foam exposed and stayed moist from rain leakage in cab roof. Also reported being forced to work hours that were excessive and employees were violating DOT log rule regulations. In Oklahoma we kept driver logs, in Texas we were told not to document them or keep them.

Jul y 01, 2013 in phone conversation with Mark Johnson; he tells me that since I was considering a residential driver that my pay rate would be reduced this was the first time anyone had mention taking away my pay. In fact, I was previously informed that my experience would be more valued and maintain my same pay for I can always assist in the other departments in the event of emergency or shortage of man power.

Andre w. Williams Sr.                           VS                      WASTE MANAGEMENT INC.
1702 Windsong Trail                                                            LOUIS RAMIREZ
Richardson, TX 75081                                                            LANCE BUTLER
469-831-2859                                                                    MARK JOHNSON

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

July 9, 2013 email to Mark Johnson requesting information and company documentation from policy or handbooks that justified why my pay had to be reduced.

July 9, 2013 email to HR recruiter Jamie Rowan; requesting her assistance for me to get back to work

July 10, 2013 email to HR Jamie Rowan; requesting that she contact Mark Johnson on my behalf; I was having difficulty getting him to respond back to my email from July 9, 2013.

July 10, 2013 phone conversation with Mark Johnson informing me that a meeting is set up that I will need to attend. The meeting would be on July 11, 2013 at 11 AM. I would be meeting with roll off supervisor Mark Johnson; his chain of command superiors who were Lance Butler; Walter Roberts, HR representative Louis Ramirez and the General Manager. Mark inquires if I have sought out being on FMLA or disability. Mark again makes comments in reference to my age and if I was too old to not be able to do the work.

July 10, 2013 email to Mark Johnson; I made a request in the email that our meeting be recorded, videoed, or I was asking could I myself record or video and even bring and individual to be present as witness with me. I stated since we were not union and I was meeting with four individuals that were of the company leadership I wanted documentation of the meeting. Mark Johnson never responded to my request.

July 11, 2013 met with Mark Johnson, Lance Butler, Walter Roberts, and Louis Ramirez (General Manager was not present) meeting was to begin at 11 AM but did not actually began until 1 pm. Due to not receiving a response from Mark Johnson, I brought equipment with me to video and record the meeting in addition to bringing an individual to sit in with me. The administration of waste management that was part of the meeting would not allow me to set up my equipment nor allow the individual that was with me to enter into the room. The contents of the meeting were to establish what I needed in reference to accommodations and when I was coming back to work. Mark Johnson, again make statements regarding my age and if I was too old to do the work. Lance Butler commented I heard already what his opinion was. (He was referencing that I could go pick cotton). In the matter of taking a position that would substantially reduce my pay I declined that option and stated I would remain as a roll off driver. I stated I would need to confirm that my work hours would be an 8-9-hour day. I also brought up the matter of needing a truck with an automatic transmission. Mark Johnson and the administrative individual refused to answer questions to my work hours, Mark's only comment was that my work day would be as to whatever and if I could not complete what they considered would be my workday I would be considered as being insubordinate I consistently asked how many hours after 8 to 9 hours are we speaking about I never got a confirm answer. The administrative staff; in the meeting made an attempt to keep using safety as a reason for why my status of not returning to work I pointed out to them I do not understand how they could speak about safety and then ignore all the issues of safety that I had reported to OSHA. (Waste Management took

3

Andre w. Williams Sr.            VS          WASTE MANAGEMENT INC.
1702 Windsong Trail                               LOUIS RAMIREZ
Richardson, TX 75081                             LANCE BUTLER
469-831-2859                                              MARK JOHNSON

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

full advantage of my solo status and lied about the events that took place in the meeting and deceive everyone outside of the meeting with false information)

July 11, 2013 1 sent an email to Mark Johnson and carbon copied the administrative members I had met with. The email was confirming that I did not accept the reduction in pay as they were offering and would remain in my current position. I also attached the safety concerns that I had in reference to the equipment I was driving, not willing to comply to fix the speedometer, and not keeping logs for working excessive hours.

July 15, 2013 1 receive a letter from HR representative René Helms the letter was the position and the reduction of pay that I had already informed them that I was declining because I could not understand why my pay was being we reduced. This letter was an attempt to try to show in a strategic manner that waste management was trying to accommodate me but in reality it was retaliation and punishment.

July 17, 2013 1 email Mark Johnson requesting a response for confirmation of the work equipment that I would use being a truck with an automatic transmission.

July 17, 2013 I am left a voicemail call from Louis Ramirez, we had been on the phone for several minutes which I was led to believe he was working positively to assist myself in returning back to work during our phone conversation it was confirmed to me that I would be driving an automatic transmission truck and my hours would be 4:30 am -1pm and possibly the 10am midday shift that Lance Butler spoke about.

July 18, 2013 1 receive voicemail call message from HR Louis Ramirez; instructing me not to show up on 7/19/2013 but instead report on 7/22/2013 and he would get with me later with the information details that we had discussed.

July 19, 2013 1 email Louis Ramirez requesting information when I could return to work and trying to address my back pay for the time I have been off.

July 20, 2013 1 receive email from Louis Ramirez very late in the evening on a Saturday which was out of the ordinary of how we had been communicating. Louis Ramirez sent this email with instructions and information that we never discussed everything in the email was negative to what we had agreed. Louis Ramirez sent this email very late with intent that I did not get it in time and would not show and he also knew he had no responsibility to respond back to me if I had questions for it was late Saturday and surely no business for waste management would be conducted by the administration on a Sunday.

July 20, 2013 1 email Louis Ramirez approximately 9pm that Saturday night, responding to the email he had just sent hours or so ago.

July 22, 2013 1 showed up to work at the waste management facility in Lewisville, Texas reporting to work for Mark Johnson at 4:15am there was no truck for me to drive, no work phone that is usually

| | | |
|---|---|---|
| Andre w. Williams Sr. | VS | WASTE MANAGEMENT INC. |
| 1702 Windsong Trail | | LOUIS RAMIREZ |
| Richardson, TX 75081 | | LANCE BUTLER |
| 469-831-2859 | | MARK JOHNSON |

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

supplied, no tablet that is needed for work to perform the duties, and Mark Johnson would not acknowledge that I was there or come see me, yet Mark new to expect me that Monday morning. In fact, Mark avoided me and sent an employee/individual of the company to inform me that he got busy and would have to get with me later. I waited for Mark I searched in the areas that I was authorized to be in and since I could not locate him as we have always done I left him a note that I was there and I would be waiting sitting outside in my vehicle because that early in the morning very few people are there and it was very awkward to be sitting around in an empty office. I went back inside the building for I waited nearly 3 hours still Mark was not being found another working group with coming in I made a search for Mark since he could not be located he had my note he could call me and I left and went home

From transcripts from Unemployment hearing, Mr. Johnson acknowledges that he had made no preparation for me to come to work. And in choosing his words carefully before the commission hearing officer, instead of saying I was too old, he states He thought I was trying to get out of work or trying to dodge work per say.

Following the company policy, I continue to call TOPS and keep them updated as to my current status. I felt I had made every effort possible at that point wasn't sure what else more I could do until my employer was ready to accept my accommodation request.

July 26, 2013 1 receive a letter in reference to short-term disability.

August 9, 2013 1 receive a letter from Waste Management TOPS requesting information from me to be considered for Serious Health Condition Administrative leave, which I did not qualify for; my condition was just consumption of medication.

August 23, 2013 1 received letter in reference to short-term disability

August 26, 2013 I file for unemployment due to the fact I am not receiving any income. Through transcripts and investigation done by the Oklahoma unemployment commission I discover that Waste Management gave false information to the Oklahoma unemployment commission; gave false testimony of my efforts to retain my job.

Civil rights violations

Race Discrimination: experiencing while in Oklahoma several racial comments and slurs; while in Texas, Lance Butler stating that for employment I could choose to go pick cotton.

Disability Discrimination: I am not a doctor but the company of Waste Management uses their own interpretation to classify me as being disabled; and treated the condition as such and discriminated against me in a manner that cost me from being gainfully employed. In the minor of the condition Waste Management surely failed to accommodate any logical request that I made. My employer had pre-knowledge of my condition when hiring me on 5/27/2012 approximately a full year before any of the occurrences took place.

| | |
|---|---|
| Andre w. Williams Sr. | VS        WASTE MANAGEMENT INC. |
| 1702 Windsong Trail | LOUIS RAMIREZ |
| Richardson, TX 75081 | LANCE BUTLER |
| 469-831-2859 | MARK JOHNSON |

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS

Retaliation: wrongful or constructive termination, alleging I quit, false statement to Oklahoma unemployment commission as to where my benefits were denied. Retaliation also based upon filing a complaint with OSHA of safety issues with both equipment and DOT protocol. Retaliation for filing and EEOC charge. Retaliation by reducing my wages as a punishment and to falsely represent that HR was making an effort to just pretend to accommodate.

Age Discrimination: Mark Johnson made several verbal comments referring to my age. Stating that I was too old to perform my work. Asking me, was I too old to do the job. Suggesting I find another line of work due to my age. Insinuating I was trying to get out of work daily due to my age.

DOT Regulations

382.213 Controlled Substance Use: No driver shall report to work, or show work in a safety — sensitive function, if that driver uses any controlled substance. The only exception to this would be if a physician prescribes any medication containing a controlled substance and the physician advises you that the substance will not adversely affect your ability to operate a commercial motor vehicle. Your employer has the right to require you to report the use of any therapeutic drug

392.3 Ill or Fatigued Operator: No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate a commercial motor vehicle. However, a case of grave emergency where the hazard to occupants of the commercial motor vehicle or other users of the highway would be increase by compliance with this section the driver may continue to operate the commercial motor vehicle to the nearest place at which that hazard is removed.

392.3 Ill or Fatigued Operator

Question 1: what protection is afforded a driver for refusing to violate the federal motor carrier safe regulations?

Guidance: section 405 of the Surface Transportation Assistance Act of 1982(STAA) (49 U.S.C. 31 105) they, in part, that no person shall discharge, discipline, or in any manner discriminate against an employee with respect to the employee's compensation, terms, conditions, or privileges of employment for refusing to operate a vehicle when such operation constitutes a violation of any federal rule, regulation, standard, or order applicable to employment Commercial Motor Vehicle(CMV) safety. In such a case, a driver may submit a signed complaint to the Occupational Safety and Health Administration (OSHA).

JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

RECEIVED
OCT 20 2016
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## I. (a) PLAINTIFFS
ANDRE W. WILLIAMS SR.

**(b)** County of Residence of First Listed Plaintiff: DALLAS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
Waste Management Inc.
Louis Ramirez; Lance Butler; Mark Johnson

County of Residence of First Listed Defendant: Denton
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

3-16CV-2943L

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title vii; Americans With Disabilities Act; Age Discrimination in Employment Act
Brief description of cause: Failure To Accommodate Properly
Employer discriminated against me based on race, age, disability, retaliation, constructive fraud, constructive termi

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/20/2016
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____