IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| Andre W. Williams, Sr., | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § § | CIVIL ACTION NO. 3:16-CV-2943-L |
| Waste Management, Inc.; Louis Ramirez; Lance Butler; and Mark Johnson, | § § § § § | |
| *Defendant.* | § | |

## DEFENDANTS WASTE MANAGEMENT OF TEXAS, INC. AND LOUIS RAMIREZ'S ORIGINAL ANSWER AND AFFIRMATIVE AND OTHER DEFENSES

Defendants Waste Management of Texas, Inc. ("Waste Management"), incorrectly identified as "Waste Management, Inc.,"[1] and Louis Ramirez ("Ramirez") file this Original Answer and Affirmative and Other Defenses to Plaintiff's Complaint.

### AFFIRMATIVE AND OTHER DEFENSES

Defendants plead the following affirmative and other defenses, subject to further discovery, but do not assume the burden of proof, except to the extent required, on pure affirmative defenses:

1. Plaintiff's Complaint fails, in whole or in part, to state a cause of action against Defendants upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitation.

---

[1] Waste Management, Inc. did not employ Plaintiff and, as a result, is not a proper party to this lawsuit. The proper defendant is Waste Management of Texas, Inc.

3.  Plaintiff's claims against Defendant Louis Ramirez are barred because there is no individual liability for the discrimination and retaliation claims asserted by Plaintiff.

4.  Subject to further discovery, Plaintiff's claims are barred because Plaintiff has not fulfilled all conditions precedent to the institution of this lawsuit and administrative prerequisites.

5.  Plaintiff's claims are barred, in whole or in part, to the extent that those claims exceed the scope of, or are inconsistent with, the Charge(s) of Discrimination he filed with the Equal Employment Opportunity Commission ("EEOC") and/or the Texas Workforce Commission—Civil Rights Division ("TWC").

6.  Plaintiff's claims are barred because any actions Defendant Waste Management took with respect to Plaintiff were based on reasonable factors other than Plaintiff's race, age, alleged disability, alleged protected activity, or any other alleged protected status held by Plaintiff; were made in good faith and for good cause and without malice; were essential and necessary to the operation of Defendant Waste Management's business; and were at all times motivated solely and required by legitimate, non-discriminatory, and non-retaliatory reasons.

7.  All actions taken by Defendants with respect to Plaintiff were justified, in good faith, and without malice.

8.  Plaintiff's claims are barred because Defendant Waste Management acted, at all times, reasonably, in good faith, and with a legitimate, non-discriminatory, non-retaliatory purpose, and Defendant Waste Management would have taken the same actions regardless of Plaintiff's race, age, alleged disability, alleged protected activity, or any other alleged protected status held by Plaintiff.

9. Defendant Waste Management denies the allegations in Plaintiff's Complaint. However, Defendant Waste Management affirmatively pleads that it has in place anti-discrimination and anti-retaliatory policies, which include a complaint procedure to prevent and/or correct any alleged discrimination, alleged retaliation, or other unlawful conduct. Plaintiff unreasonably failed to take advantage of this procedure.

10. Defendant Waste Management denies the allegations contained in Plaintiff's Complaint and denies that it engaged in any unlawful conduct. However, Defendant Waste Management affirmatively pleads that, to the extent Plaintiff has alleged any unlawful conduct by it, Defendant Waste Management exercised reasonable care to prevent and properly correct such alleged conduct.

11. Plaintiff does not have and never has suffered a physical or mental impairment that substantially limits a major life activity.

12. Plaintiff does not have a record of a physical or mental impairment that substantially limits a major life activity.

13. Plaintiff was not regarded as having a physical or mental impairment that substantially limits a major life activity.

14. Even if Plaintiff did have a disability, Plaintiff was not otherwise qualified to perform the essential functions of his employment.

15. Plaintiff did not seek a reasonable accommodation for the alleged limitations caused by his alleged disability.

16. Plaintiff's continued employment could have posed a significant risk of substantial harm to the health and safety of Plaintiff and his co-workers that could not have been eliminated or reduced by a reasonable accommodation.

17. Any accommodation to Plaintiff which would have resulted in his continued employment would have constituted an undue hardship on Defendant Waste Management.

18. All actions taken by Defendant Waste Management with respect to Plaintiff were consistent with business necessity.

19. Subject to further discovery, Defendants plead estoppel, laches, and/or waiver.

20. Subject to further discovery, Defendants assert that Plaintiff's damages are limited by the doctrine of after-acquired evidence.

21. To the extent required, Plaintiff failed to mitigate his damages, if any.

22. Plaintiff's own acts or omissions were the sole and/or proximate cause of his alleged damages, if any.

23. Plaintiff's claims for damages are capped or limited in accordance with applicable law.

Defendants reserve the right to assert other defenses reasonably in advance of trial.

## ORIGINAL ANSWER

Subject to the affirmative and other defenses, Defendants plead as follows to the specific allegations of Plaintiff's Complaint:

1. Defendant Waste Management admits that Plaintiff began his employment with Defendant Waste Management in Oklahoma City, Oklahoma. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "May 27, 2012" of Plaintiff's Complaint.

2. Defendants deny the allegations contained in the unnumbered Paragraph beginning "February 12, 2013" of Plaintiff's Complaint.

3. Defendants deny the allegations contained in the unnumbered Paragraph beginning "February 27, 2013" of Plaintiff's Complaint.

4. Defendant Waste Management admits that Plaintiff transferred to Lewisville, Texas as a Roll-Off driver in March 2013. Defendant Waste Management admits that Plaintiff received a pay increase. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "March 28, 2013" of Plaintiff's Complaint.

5. Defendants deny the allegations contained in the unnumbered Paragraph beginning "April 24, 2013" of Plaintiff's Complaint.

6. Defendant Waste Management admits that, due to a deadly tornado that struck near Oklahoma City, Plaintiff was called to work in Oklahoma City for a three-week period. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "May 22, 2013" of Plaintiff's Complaint.

7. Defendant Waste Management admits that Plaintiff returned to Lewisville in June 2013 and that he worked as a Roll-Off driver. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "June 15, 2013" of Plaintiff's Complaint.

8. Defendants deny the allegations contained in the unnumbered Paragraph beginning "June 17, 2013" of Plaintiff's Complaint.

9. Defendant Waste Management admits that it asked Plaintiff to go to Concentra to evaluate his ability to perform his driving duties. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "June 18, 2013" of Plaintiff's Complaint.

10. Defendant Waste Management admits that Plaintiff was taken off work and that Concentra requested information from Plaintiff's physician about Plaintiff's medication. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "June 19, 2013" of Plaintiff's Complaint.

11. Defendant Waste Management lacks sufficient information to admit or deny whether Plaintiff received a voicemail from Renee Helms on June 27, 2013 at 3:33 p.m., or why Plaintiff contacted Renee Helms, and on that basis denies the allegations. Defendant Waste Management lacks sufficient information to admit or deny whether Plaintiff received a call from Mark Johnson on June 27, 2013 at 4:47 p.m., and on that basis denies the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "June 27, 2013" of Plaintiff's Complaint.

12. Defendant Waste Management lacks sufficient information to admit or deny when Plaintiff received a letter from his physician, and on that basis denies the allegations. Defendant Waste Management admits that, on June 28, 2013, Concentra received a letter from Plaintiff's physician regarding Plaintiff's medication. Defendant Waste Management admits that Plaintiff was cleared to return to work. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "June 28, 2013" of Plaintiff's Complaint.

13. Defendant Waste Management lacks sufficient information to admit or deny whether Plaintiff filed a complaint or whether Plaintiff had conversations with the investigator, and on that basis denies the allegations. Defendant Waste Management admits that Mark Johnson told Plaintiff that he would be paid the Residential Driver rate if he elected to transfer to the 6:00 a.m. shift for the Residential Driver position. Except as expressly admitted,

Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 1, 2013" of Plaintiff's Complaint.

14.     Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 9, 2013" of Plaintiff's Complaint.

15.     Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 10, 2013" of Plaintiff's Complaint.

16.     Defendants admit that Plaintiff met with Defendant Mark Johnson, Walter Roberts, Defendant Lance Butler, and Defendant Louis Ramirez on July 11, 2013. Defendants lack sufficient information to admit or deny why Plaintiff brought equipment and an individual to sit with him during the meeting, and on that basis deny the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 11, 2013" of Plaintiff's Complaint.

17.     Defendants deny the allegations contained in the unnumbered Paragraph beginning "July 15, 2013" of Plaintiff's Complaint.

18.     Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 17, 2013" of Plaintiff's Complaint.

19.     Defendants deny the allegations contained in the unnumbered Paragraph beginning "July 18, 2013" of Plaintiff's Complaint.

20.     Defendants admit that Plaintiff sent Defendant Louis Ramirez an email on July 19, 2013 regarding, among other things, his return to work and back pay. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "July 19, 2013" of Plaintiff's Complaint.

21.     Defendants admit that Defendant Louis Ramirez sent an email to Plaintiff on July 20, 2013 and that Plaintiff sent an email to Defendant Louis Ramirez on July 20, 2013. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "July 20, 2013" of Plaintiff's Complaint.

22.     Defendant Waste Management lacks sufficient information to admit or deny whether Plaintiff continued to call and update TOPS, Defendant Waste Management's leave management service, as to his current status or what Plaintiff felt, and on that basis denies the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "July 22, 2013" of Plaintiff's Complaint.

23.     Defendant Waste Management lacks sufficient information to admit or deny when Plaintiff received a letter regarding short-term disability, and on that basis denies the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "July 26, 2013" of Plaintiff's Complaint.

24.     Defendant Waste Management lacks sufficient information to admit or deny when Plaintiff received a letter regarding leave for a serious health condition, and on that basis denies the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "August 9, 2013" of Plaintiff's Complaint.

25.     Defendant Waste Management lacks sufficient information to admit or deny when Plaintiff received a letter regarding short-term disability, and on that basis denies the allegations. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "August 23, 2013" of Plaintiff's Complaint.

26.     Defendant Waste Management lacks sufficient information to admit or deny why Plaintiff filed for unemployment benefits, and on that basis denies the allegations. Except

as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "August 26, 2013" of Plaintiff's Complaint.

27. Defendants deny the allegations contained in the unnumbered Paragraph beginning "Race Discrimination" of Plaintiff's Complaint.

28. Defendants deny the allegations contained in the unnumbered Paragraph beginning "Disability Discrimination" of Plaintiff's Complaint.

29. Defendants deny the allegations contained in the unnumbered Paragraph beginning "Retaliation" of Plaintiff's Complaint.

30. Defendants deny the allegations contained in the unnumbered Paragraph beginning "Age Discrimination" of Plaintiff's Complaint.

31. The allegations in the unnumbered Paragraph beginning "382.213" of Plaintiff's Complaint contain legal authorities requiring no response. To the extent that a response is required, Defendants admit that Plaintiff purports to cite legal authorities, but denies that they engaged in any unlawful conduct and that Plaintiff is entitled to any relief. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "382.213" of Plaintiff's Complaint.

32. The allegations in the unnumbered Paragraphs beginning "392.3" of Plaintiff's Complaint contain legal authorities requiring no response. To the extent that a response is required, Defendants admit that Plaintiff purports to cite legal authorities, but denies that they engaged in any unlawful conduct and that Plaintiff is entitled to any relief. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraph beginning "392.3" of Plaintiff's Complaint.

33. The allegations in the unnumbered Paragraphs beginning "Question 1" and "Guidance" of Plaintiff's Complaint contain questions and legal authorities requiring no response. To the extent that a response is required, Defendants admit that Plaintiff purports to cite questions and legal authorities, but denies that they engaged in any unlawful conduct and that Plaintiff is entitled to any relief. Except as expressly admitted, Defendants deny the allegations contained in the unnumbered Paragraphs beginning "Question 1" and "Guidance" of Plaintiff's Complaint.

WHEREFORE, PREMISES CONSIDERED, Defendants deny that Plaintiff is entitled to any of the relief that he seeks in his Complaint. Defendants respectfully request that Plaintiff's suit be dismissed with prejudice and denied in its entirety, and that Defendants recover their costs of suit, reasonable attorney's fees, and such other relief, in law or equity, to which they show themselves entitled.

Dated: February 6, 2017

OF COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Jamila S. Mensah
State Bar No. 24055963
Fed I.D. No. 705811
jamila.mensah@nortonrosefulbright.com
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

LOCAL COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Richard Krumholz
State Bar No. 00784425
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
Telephone: (214) 855-8022
Facsimile: (214) 855-8200
richard.krumholz@nortonrosefulbright.com

Respectfully submitted,

*/s/ Shauna Johnson Clark*
Shauna Johnson Clark
State Bar No. 00790977
Fed. Id. No. 18235
shauna.clark@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

**ATTORNEY IN CHARGE FOR DEFENDANTS WASTE MANAGEMENT OF TEXAS, INC. AND LOUIS RAMIREZ**

11

## CERTIFICATE OF SERVICE

      I hereby certify that on, February 6, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, Dallas Division using the electronic filing system of the court. The electronic filing system sent a "Notice of Electronic Filing" to the following:

Andre W. Williams, Sr., Pro se
1702 Windsong Trail
Richardson, Texas 75081

                                                                             /s/*Jamila S. Mensah*
                                                                                Jamila S. Mensah