IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| ANDRE W. WILLIAMS, SR., | § | |
| --- | --- | --- |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:16-cv-2943-L-BN |
| | § | |
| WASTE MANAGEMENT, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam. A. Lindsay. *See* Dkt. No. 10. Plaintiff Andre W. Williams, Sr. moves for default judgment against Defendants Lance Butler and Mark Johnson. *See* Dkt. Nos. 25 & 26. The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motions.

**Applicable Background, Legal Standards, and Analysis**

Although the Clerk of Court entered defaults as to Butler and Johnson on April 20, 2017, *see* Dkt. Nos. 23 & 24, after the undersigned reviewed Williams's motions for default judgment and the relevant summons returns, which reflected that, at that time, Williams had served Butler and Johnson only by certified mail, *see* Dkt. Nos. 13 & 16, it was not clear that service was proper.

As provided in the June 7, 2017 order requiring additional information under Federal Rule of Civil Procedure 55(b)(2)(D),

Federal Rule of Civil Procedure 4(e) requires that service on individuals in the United States be made in one of two ways: (1) pursuant to the law of the state in which the district court is located or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's home with a person of suitable age and discretion or with an authorized agent. *See* FED. R. CIV. P. 4(e)(1), (2).

And, because Plaintiff chose to utilize certified mail, it appears that he has attempted to perfect service under Texas law, which provides for service by registered or certified mail, with return receipt requested. *Compare Gilliam v. Cty. of Tarrant*, 94 Fed. App'x 230, 230 (5th Cir. 2004) (per curiam) ("the use of certified mail is not sufficient to constitute 'delivering' under Rule 4" (citing *Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993))), *with* TEX. R. CIV. P. 106(a)(2) ("Unless the citation or an order of the court otherwise directs, the citation shall be served by any person authorized by Rule 103 by mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."); *see also Cross v. Grand Prairie*, No. 3:96-cv-446-P, 1998 WL 133143, at *6 (N.D. Tex. Mar. 17, 1998) ("Although Rule 4(e)(1) authorizes service pursuant to Texas law, absent prior authorization by the trial court, the only methods of service permitted in Texas are service in person or by registered mail." (citing TEX. R. CIV. P. 106(a))).

As to persons authorized to serve process under Texas law, Texas Rule of Civil Procedure 103 provides "that a sheriff, a constable, or any person authorized by law or by written order of the court not less than 18 years of age may serve any process, '[b]ut *no person who is a party* to or interested in the outcome of the suit may serve any process in that suit.'" *Blanton-Bey v. Carrell*, No. H-09-3697, 2010 WL 1337740, at *2 (S.D. Tex. Mar. 26, 2010) (quoting TEX. R. CIV. P. 103; emphasis added by the court in *Blanton-Bey*); *see also Lucky v. Haynes*, No. 3:12-cv-2609-B, 2013 WL 3054032, at *2 (N.D. Tex. June 18, 2013) ("Upon amendment of the relevant [Texas] rules, federal district courts in Texas interpreting Texas Rule 103 have found that the clerk of the court or one of the three authorized persons in Rule 103 can serve process by certified mail." (citations omitted)).

In addition, Texas law requires that particular information be included in the return of service, including the address served and the date of service or attempted service, *see* TEX. R. CIV. P. 107(b), and "when certified mail has been selected as the method of service, Texas law further requires that the return receipt be signed by the addressee," *Lucky*, 2013 WL 3054032, at *3 (citing TEX. R. CIV. P. 107(c); *Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App. – San Antonio 2001, pet. denied)).

> Here, the relevant summons returns, *see* Dkt. Nos. 13 & 16, do not provide all the information the Court needs to determine whether Defendants Butler and Johnson were properly served under Rule 4. For example, it is not clear that an authorized person served process by certified mail. Nor is it clear that the return receipts are signed by the addressees.

Dkt. No. 27 at 4-6; *cf. MCA Ventures, LLC v. MJ Envtl. Inc.*, No. 15-9087-CM, 2015 WL 5937621, at *2 (D. Kan. Oct. 13, 2015) (denying motion for default judgment without prejudice because, "[t]o enter default judgment, the court requires more information under Federal Rule of Civil Procedure 55(b)(2)(D)").

Williams responded to the June 7, 2017 order. *See* Dkt. No. 28. But that response only documents his attempts to serve Butler and Johnson after entry of default by the Clerk. *See generally id.* At least some of those efforts were successful, however, as Johnson answered the complaint on August 10, 2017, *see* Dkt. No. 30, and Butler filed an answer on September 6, 2017, *see* Dkt. No. 33.

But Williams never established that Butler and Johnson were in default at the time he moved for entry of default by showing that each defendant was properly served with a summons and the complaint prior to moving for entry of default. *See Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 937 (5th Cir. 1999) ("[A] defendant can not make an appearance for purposes of Rule 55(b)(2) until after the plaintiff effects service and the defendant becomes susceptible to default."); *cf. Louis Dreyfus Corp. v. McShares, Inc.*, 723 F. Supp. 375, 376 (E.D. La. 1989) ("Because [Defendant] was not properly served prior to the entry of default, the entry of default must be set aside."); *Bonavito v. Nev. Prop. 1 LLC*, No. 2:13-cv-417-JAD-CWH, 2013 WL 5758129, at *1-*2

(D. Nev. Oct. 21, 2013) (same).

"Until [a defendant] is *properly* served," the plaintiff "cannot obtain a default judgment." *Thompson v. Johnson*, 348 F. App'x 919, 923 (5th Cir. 2009) (per curiam) (citations omitted and emphasis added); *see, e.g., Richardson v. Avery*, No. 3:16-cv-2631-M-BH, 2016 WL 7803155, at *2 (N.D. Tex. Dec. 22, 2016) ("The docket does not reflect that compliance with the requirements of Rule 4 for service of process. Until he has been properly served, 'the defendant has no duty to answer the complaint and the plaintiff cannot obtain a default judgment.' Absent proper service of process, a court lacks personal jurisdiction over the defendant, and any default judgment against the defendant would be void." (quoting *Rogers*, 167 F.3d at 937; citations and footnote omitted)), *rec. accepted*, 2017 WL 213056 (N.D. Tex. Jan. 17, 2017).

**Recommendation**

The Court should deny the motions for default judgment against Defendant Lance Butler [Dkt. No. 25] and Defendant Mark Johnson [Dkt. No. 26].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 7, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE