IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2943-L-BN |
| | § | |
| WASTE MANAGEMENT, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

This action filed by a plaintiff proceeding *pro se* has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and an order of reference from United States District Judge Sam A. Lindsay. *See* Dkt. No. 10.

Defendants Waste Management of Texas, Inc., Louis Ramirez, Mark Johnson, and Lance Butler move for judgment on the pleadings, under Federal Rule of Civil Procedure 12(c), as to claims asserted by Plaintiff Andre W. Williams, Sr. against the individual defendants. *See* Dkt. Nos. 57 & 58. Williams filed a response. *See* Dkt. No. 68. And Defendants filed an expedited reply brief. *See* Dkt. No. 70.

The Court accelerated the filing of that brief because, after Defendants filed their Rule 12(c) motion, Williams filed an expedited motion for leave to amend his complaint to add an entity defendant and specify claims under the Rehabilitation Act of 1973, 29 U.S.C. § 710 *et seq.*, and 42 U.S.C. § 1981. *See* Dkt. Nos. 60 & 61. Following a conference call with the parties on June 7, 2018, *see* Dkt. Nos. 63, 65, & 66,

Defendants filed a response to the motion, *see* Dkt. No. 69, and Williams filed a reply brief, *see* Dkt. No. 71.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should deny the motion for leave to amend and grant the motion for judgment on the pleadings in part – dismissing certain claims against Defendants Ramirez, Johnson, and Butler with prejudice.

## Legal Standards and Analysis

I.     Leave to Amend

Citing Federal Rule of Civil Procedure 15(a), Williams expresses that his request for leave to amend, filed on June 5, 2018, "focuses on changes to [his] original complaint in preparation to respond to the ... Rule 12(c) motion" and further explains that the original complaint "was awkwardly pleaded." Dkt. No. 60 at 2; *see* Dkt. No. 3 (the original complaint, the civil cover sheet of which specifies claims under "Title VII; Americans with Disabilities Act [the "ADA"]; Age Discrimination in Employment Act [the "ADEA"]" and provides that Williams's "[e]mployer discriminated against him"). The proposed amended complaint adds a new entity defendant – "Waste Management of Oklahoma" – and specifically enumerates claims under Section 1981 and the Rehabilitation Act. *See* Dkt. No. 60-1.

June 22, 2017 was the deadline to file motions for leave to amend the pleadings or join additional parties. *See* Dkt. No. 20, ¶¶ 2 & 3, at 4. The parties did not ask to extend – and the Court itself never extended – that deadline. *See* Dkt. No. 53

(extending the discovery and dispositive motions deadlines but noting that, "[u]nless otherwise indicated above, the Initial Scheduling Order [Dkt. No. 20] remains unchanged").

Where the deadline to seek leave to amend the pleadings has expired, the Court must first determine whether to modify the scheduling order under the Federal Rule of Civil Procedure 16(b)(4) good cause standard. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 536 (5th Cir. 2003). To meet this standard, a party must show that, despite his diligence, he could not reasonably have met the deadline in the scheduling order. *See id.* at 535; *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) ("To show good cause, the party seeking to modify the scheduling order has the burden of showing that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." (internal quotation marks omitted)); *see also Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) ("This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." (citations and internal quotation marks omitted)).

The Court considers four factors in determining whether to modify a scheduling order for good cause under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *S&W Enters.*, 315 F.3d at 536 (quoting *Reliance Ins. Co. v. La. Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)); *accord Squyres*, 782 F.3d at 237.

"The absence of prejudice to the nonmovant and inadvertence of the party seeking the modification are insufficient to demonstrate 'good cause.'" *Barnes v. Sanchez*, No. 3:07-cv-1184-M, 2010 WL 5027040, at *1 (N.D. Tex. Dec. 2, 2010) (footnote omitted).

And, where a plaintiff must establish Rule 16(b)(4) good cause to seek leave to amend his complaint, his "lack of diligence in timely amending his pleadings is paramount." *Id.* at *2 (citing *Palomino v. Miller*, No. 3:06-cv-932-M, 2007 WL 1650417, at *2 (N.D. Tex. June 7, 2007) ("Plaintiff's lack of diligence in timely amending his complaint undercuts the importance of the amendment." (citing, in turn, *Baylor Univ. Med. Ctr. v. Epoch Group, L.C.*, No. 3:03-cv-2392-G, 2005 WL 2124126, at *8 (N.D. Tex. Sept. 1, 2005) (weighing the first factor against a party who claimed its motion for leave to amend "was untimely because [it] had no reason to believe its third-party complaint needed amendment until [a third-party defendant] filed its motion to dismiss after the scheduling order deadline expired")))).

Only if a movant satisfies Rule 16(b)(4)'s requirements will the Court determine whether to grant leave to amend under Federal Rule of Civil Procedure 15(a)(2)'s more liberal standard, which provides that "[t]he court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2); *see S&W Enters.*, 315 F.3d at 536; *cf. Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994) ("recogniz[ing]" that, in addition to futility, untimeliness is a "valid reason" that is substantial enough to deny leave to amend (citing *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320-21 (5th Cir. 1991))).

Williams has not satisfied Rule 16(b)(4)'s requirements.

His explanation for seeking leave to amend more than 11 months after the deadline to do so – to "deem the Defendants['] Rule 12(c) Motion for Judgement on the Pleadings [moot]," Dkt. No. 61 at 3 – certainly weighs against finding good cause, and this "lack of diligence" further "undercuts the importance of the amendment," *Palomino*, 2007 WL 1650417, at *2 (citing *Baylor Univ. Med. Ctr.*, 2005 WL 2124126, at *8). And Defendants certainly would be prejudiced by an amendment that would expose them to new theories of liability not plausibly alleged by the factual allegations of the original complaint.

That said, particularly given Williams's *pro se* status, the legal labels he attached to the factual allegations in that complaint are not dispositive. *Cf. Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (holding that, "to survive a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e))); *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (The United States "Supreme Court has made clear that the a complaint turns on the sufficiency of the '*factual* allegations' in the complaint. A complaint need not cite a specific statutory provision or articulate a perfect 'statement of the legal theory supporting the claim asserted.'" (quoting *Johnson*, 135 S. Ct. at 347, 346-47; emphasis added by *Smith*)).

For example, while Williams fails to demonstrate the Rule 16(b)(4) good cause

necessary to grant his motion for leave to amend, there remains an open question as to whether he has pleaded – in the original complaint – "facts sufficient to show" that any claim asserted under either Section 1981 or the Rehabilitation Act has "substantive plausibility." *Johnson*, 135 S. Ct. at 347; *cf. Brooks v. Firestone Polymers, L.L.C.*, 640 F. App'x 393, 396 n.5 (5th Cir. 2016) (per curiam) ("Analyses for employment discrimination under Title VII and Section 1981 are often the same; therefore, absent relevant differences, [courts often] consider these claims together." (citing *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 992 (5th Cir. 2005))).

For these reasons, the Court should deny Williams's motion for leave to amend his complaint and therefore move on Defendants' Rule 12(c) motion.

II.     Judgment on the Pleadings

Defendants explicitly move for judgment on the pleadings as to Williams's Title VII, ADA, and ADEA claims against Ramirez, Johnson, and Butler. *See, e.g.,* Dkt. No. 58 at 1-2 (acknowledging that, "[a]lthough Williams does not identify any specific statute in his complaint, his Civil Cover Sheet cites to" Title VII, the ADA, and the ADEA).

Rule 12(c) provides that, "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).

> Although there is no specific language in Rules 7 or 12 of the Federal Rules of Civil Procedure that states when the pleadings close, the following is accepted by numerous federal courts as to when the pleadings close:
>
>> Rule 7(a) provides that the pleadings are closed upon the filing of a complaint and an answer (absent a court-ordered

> reply), unless a counterclaim, cross-claim, or third-party claim is interposed, in which event the filing of a reply to a counterclaim, cross-claim answer, or third-party answer normally will mark the close of the pleadings.

*Davis v. Nissan Motor Acceptance Corp.*, No. 3:09-cv-869-L, 2009 WL 3363800, at *2 (N.D. Tex. Oct. 16, 2009) (quoting 5C CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1367 at 213 (2004)).

A Rule 12(c) motion "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam)). Such a motion is therefore "specifically designed to facilitate" an inquiry into "the interpretation and construction of the [law]" where "[t]he facts of the instant case are not in dispute." *Hebert Abstract*, 914 F.2d at 76 (citation omitted)).

The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

And, as discussed above, surviving a Rule 12(b)(6) motion turns on the sufficiency of the factual allegations – that is, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see, e.g., Johnson*, 135 S. Ct. at 346-47.

In the operative complaint, Ramirez is identified as an "HR representative," *e.g.,* Dkt. No. 3 at 4, and both Johnson and Butler are identified as supervisors, *see, e.g., id.* at 3 & 4. But "Title VII does not impose liability on individuals unless they are 'employers.'" *Provensal v. Gaspard*, 524 F. App'x 974, 977 (5th Cir. 2013) (per curiam) (citing *Grant v. Lone Star Co.*, 21 F.3d 649, 653 (5th Cir. 1994) ("conclud[ing] that title VII does not permit the imposition of liability upon individuals unless they meet tile VII's definition of 'employer'")); *see also Brewer v. Lavoi Corp.,* No. 3:13-cv-4918-N, 2014 WL 4753186, at *3 (N.D. Tex. Sept. 24, 2014) ("Title VII provides for liability only as to an employer, as defined in the statutes, not an individual supervisor or fellow employee, ... regardless of whether the person is sued in his or her individual or official capacity." (citing *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007); *Grant*, 21 F.3d at 653; *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5th Cir. 2002))).

The United States Court of Appeals for the Fifth Circuit has extended *Grant*'s

holding to the ADEA. *See Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996) ("The statutory scheme of Title VII at issue in *Grant* is virtually identical to the statutory scheme of the ADEA at issue here. Both acts limit liability to employers with more than a minimum number of employees, and both define 'employer' to include agents of the employer. The plaintiffs have directed us to no salient distinction between the ADEA and its closest statutory kin, and we have found none. Therefore, we find that this Court's reasoning in *Grant* applies with equal force in the present context and hold that the ADEA provides no basis for individual liability for supervisory employees.").

And this reasoning applies with equal force to the ADA. *See, e.g., Brewer*, 2014 WL 4753186, at *3 ("Courts interpret the ADA and ADEA consistent with the provisions of Title VII." (collecting cases and dismissing the plaintiff's "Title VII, ADEA, and ADA claims against the eight supervisory defendants ... with prejudice")).

Although Defendants request dismissal of all claims asserted against Ramirez, Johnson, and Butler, as set out above, their motion only addresses Title VII, the ADA, and the ADEA. And Williams has expressed his belief that his proposed amended complaint merely clarifies – by specifically labeling – all claims he asserted at the outset, which, in addition to claims under Title VII, the ADA, and the ADEA, include (according to him) claims under the Rehabilitation Act and Section 1981. *See, e.g.,* Dkt. No. 71 at 1-2. But, even affording Williams's claims such differential treatment, his allegations as clarified by the proposed amended complaint fail to state a Rehabilitation Act claim against Ramirez, Johnson, and Butler. *See* Dkt. No. 60-1 (alleging such a claim only against the entity defendants and then asserting Section

1981 claims against the individual defendants). It is very unlikely, moreover, that he could allege Rehabilitation Act claims against these individual defendants. *See, e.g., Lollar v. Baker*, 196 F.3d 603, 608-09 (5th Cir. 1999); *Woodall v. Univ. of Tex. Sys.*, No. SA-09-CA-0525-FB, 2010 WL 11601282, at *6 (W.D. Tex. Mar. 30, 2010).

As to Section 1981 claims against the individual defendants, to the extent that those claims are plausibly alleged through the factual allegations of the original complaint *alone*, it is not clear that non-employer defendants are absolutely free from liability under Section 1981:

> Individual liability under Section 1981 ... is not as established under Fifth Circuit jurisprudence. Indeed, it has yet to be decided whether Section 1981 liability runs to all individual defendants. *See Felton v. Polles*, 315 F.3d 470 (5th Cir. 2002). The Fifth Circuit has noted that individual liability under Section 1981 attaches to local government officials for decisions affecting municipal employment contracts. *Oden v. Oktibbeha County, Miss.*, 246 F.3d 458, 464 n. 5 (5th Cir.2001). However, the Court has failed to determine the "outer boundaries of § 1981 liability as it applies to individual non-employer defendants nor to attempt to catalogue every fact situation which might subject an individual to such liability." *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 338 (5th Cir. 2003) (citations omitted).

*Walker v. FXI*, No. 1:11CV231-SA-DAS, 2013 WL 1123364, at *3 (N.D. Miss. Mar. 18, 2013); *see also Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008) ("[T]he scope of non-employer liability under § 1981 remains unsettled in the Fifth Circuit," and "a claim under § 1981 against a non-supervisor employee who has never exercised managerial authority over the plaintiff would not find clear support in current Fifth Circuit law." (citations omitted)); *Santiago v. YWCA of El Paso Found.*, No. EP-14-CV-247-KC, 2014 WL 3672975, at *3 (W.D. Tex. July 24, 2014) ("The Fifth

Circuit 'has declined to define comprehensively the universe of [non-employer defendants] who can be held liable under § 1981.'" (citations omitted)).

Given this uncertainty, Defendants' Rule 12(c) motion should be granted in part – all claims against Ramirez, Johnson, and Butler under Title VII, the ADA, the ADEA, and the Rehabilitation Act should be dismissed with prejudice – and denied in part – to the extent that the original complaint plausibly alleges claims under Section 1981 against Ramirez, Johnson, and Butler, Defendants (by explicitly not moving for judgment on the pleadings as to Section 1981) have not shown that those claims should be dismissed at this time.

## Recommendation

The Court should deny Plaintiff Andre W. Williams, Sr.'s motion for leave to amend his complaint [Dkt. No. 60] and grant in part Defendants Waste Management of Texas, Inc., Louis Ramirez, Mark Johnson, and Lance Butler's Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings [Dkt. No. 57] by dismissing all Title VII, ADEA, ADA, and Rehabilitation Act claims asserted against Defendants Ramirez, Johnson, and Butler.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 29, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE