IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ANDRE W. WILLIAMS, SR.,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:16-CV-2943-L** |
| | § | |
| **WASTE MANAGEMENT, INC.;** | § | |
| **LOUIS RAMIREZ; LANCE BUTLER;** | § | |
| and **MARK JOHNSON**, | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

Before the court are Defendants' Motion for Summary Judgment (Doc. 79), filed August 31, 2018; and Defendants' Objections to and Motion to Strike Portions of Plaintiff's Summary Judgment Evidence (Doc. 90), filed October 23, 2018. Defendants move for summary judgment on all of Plaintiff's claims and object to and move to strike certain summary judgment evidence relied on by Plaintiff in response to their summary judgment motion. In particular, Defendants object to the handwritten notes or commentary by Plaintiff that appear on a large number of the documents in the appendix to his summary judgment response. Defendants also contend that Appendix pages 188 through 190 are not authenticated and were not part of the Equal Employment Opportunity Commission ("EEOC") record. Appendix page 188 appears to be a page from an EEOC Charge of Discrimination form but is entirely illegible. Appendix page 189 is slightly more legible and includes the following conclusory response to "Discriminatory Statement": "I believe I have been discriminated against because of my age, 50, in violation of the age Discrimination in Employment Act of 1967. I also believe I have been discriminated against because of my disability in violation

of the Americans with Disabilities Act of 1990." Appendix page 190 is an e-mail from Plaintiff to the EEOC, dated September 12, 2014, inquiring about the status of his charge.

On January 30, 2019, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 93) were entered, recommending that the court deny Defendants' Motion to Strike Portions of Plaintiff's Summary Judgment Evidence (Doc. 90) but treat the motion as objections to Plaintiff's summary judgment evidence; grant Defendants' Motion for Summary Judgment (Doc. 79); and dismiss with prejudice Plaintiff's claims and this action. In support, the magistrate determined that Plaintiff's Title VII race discrimination and retaliation claims were unexhausted, and Plaintiff failed to raise a genuine dispute of material fact in response to Defendants' summary judgment regarding his remaining claims that were brought pursuant to the Age Discrimination and Employment Act ("ADEA"); the Americans With Disabilities Act ("ADA"); the Rehabilitation Act ("RA"); and 42 U.S.C. §1981. The magistrate judge did not make any recommendation regarding any of Defendants' objections to Plaintiff's summary judgment evidence.

On February 13, 2019, Plaintiff filed twenty-two pages of objections to the Report (Doc. 94) and submitted a 260-page appendix, to which Defendants responded on February 27, 2019. Plaintiff asserts a number of objections to the magistrate judge's factual findings and legal conclusions, including those pertaining to his claims of racial discrimination and retaliation under 42 U.S.C. §1981; age discrimination and retaliation under the ADEA; and disability discrimination and retaliation under the ADA and the RA.

After considering the motions, briefs, competent summary judgment evidence, file, record in this case, Report, the materials filed in response to the Report, and having conducted a de novo

review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and **overrules** Plaintiff's objections.

As noted, the magistrate judge did not make any specific recommendation regarding Defendants' Objections to and Motion to Strike Portions of Plaintiffs' Summary Judgment Evidence (Doc. 90) other than to treat the motion as objections. The court **sustains in part** Defendants' objections and **denies as moot in part** the objections (Doc. 90). Specifically, the court **sustains** Defendants' objections to the handwritten notes and commentary on Plaintiff's summary judgment evidence and does not consider any of the handwritten notes or commentary. The court also does not consider Plaintiff's Appendix page 190, as the e-mail is inadmissible hearsay and, as Defendants correctly note, it is unauthenticated in that the court cannot determine whether it was ever sent to or received by the EEOC. The court **overrules as moot** Defendants' objections to Plaintiff's Appendix pages 188-189, as consideration of these documents does not affect the court's determination that the findings and conclusions of the magistrate judge are correct.

Accordingly, the court **grants** Defendants' Motion for Summary Judgment (Doc. 79); **dismisses with prejudice** all claims by Plaintiff against Defendants for discrimination and retaliation, whether brought pursuant to Title VII of the Civil Rights Act or 42 U.S.C. § 1981; the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); or the Rehabilitation Act ("RA"); and **dismisses with prejudice** this action.

**It is so ordered** this 10th day of April, 2019.

Sam A. Lindsay
United States District Judge