## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **Andre W. Williams, Sr.,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:16-CV-2943-L** |
| | § | |
| **Waste Management, Inc.; Louis** | § | |
| **Ramirez; Lance Butler; and Mark** | § | |
| **Johnson,** | § | |
| | § | |
| *Defendants*. | § | |

## DEFENDANTS' BILL OF COSTS

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.1 of the Northern District of Texas, Defendants Waste Management of Texas, Inc. ("Waste Management"), incorrectly identified as "Waste Management, Inc.,"[1] Louis Ramirez, Lance Butler, and Mark Johnson file this Bill of Costs as to Plaintiff Andre W. Williams, Sr., and respectfully show the Court as follows:

On April 11, 2019, the Court adopted Magistrate Judge David L. Horan's Findings and Recommendations granting Defendants' Motion for Summary Judgment. D.E. 79. As fully set forth in its Bill of Costs and itemization in Exhibit A,[2] Defendants have taxable costs in the amount of $10,303.51 which Defendants now seeks to recover pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure and Local Rule 54.1. Further, as stated in the accompanying affidavit by counsel, attached hereto as Exhibit B, these costs are correct, were necessarily incurred in this

---

[1] Defendant Waste Management, Inc. maintains that it was incorrectly named as a defendant, and that Waste Management of Texas, Inc. is the only proper defendant in this lawsuit, as it employed Plaintiff. As such, Defendants file this Bill of Costs on behalf of themselves and the improperly named entity Waste Management, Inc.

[2] See Exhibit A for itemization of costs and Exhibit C for related invoices.

action, and the services for which fees have been charged were actually and necessarily performed. Defendants further request post-judgment interest on any award of costs.  *See* 28 U.S.C. § 1961(a).

First, Defendants seek $7,355.01 as costs incurred in connection with the depositions of the Plaintiff and representatives and employees from Waste Management. Costs of original depositions and copies are recoverable as long as shown to be necessarily obtained for use in the case.  *See* 28 U.S.C. §§ 1920 (2)-(4); *Fogleman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). Deposition costs may be recovered even if the deposition was not used at a trial.  *See W. Wind Afr. Line, Ltd. v. Corpus Christi Marine Servs., Co.*, 834 F.2d 1232, 1237-38 (5th Cir. 1988).  The actual use of a deposition in the case or at pretrial proceedings satisfies the statutory requirement that it be necessary.  *Id.*  Defendants relied on deposition testimony in their Motion for Summary Judgment.  *See* Motion for Summary Judgment at D.E. 79.

Further, prevailing parties have been permitted to recover the costs of videographers for videotaped depositions since 2008.  *See Spear Mktg., Freight v. Bancorpsouth Bank*, 3:12-CV-3583-B, 2016 WL 193586, at *14 (N.D. Tex. Jan. 14, 2016); *United States ex rel. DeKort v. Integrated Coast Guard Sys., LLC*, No. 3:06-cv-1792, 2013 WL 1890283, at *4 (N.D. Tex. Mar. 27, 2013) ("Taxable deposition costs also include costs related to video depositions."); *see also S&D Trading Acad., LLC v. AAFIS, Freight*, 336 F. App'x 443, 450-52 (5th Cir. 2009); *Faery v. Weigand-Omega Mgmt., Freight,* No. H-11-2519, 2012 WL 3886422, at *2 (S.D. Tex. Sept. 6, 2012) ("The Court concludes that Defendant is entitled to recover the fees for the depositions in both written and video format.").  Accordingly, Defendants submit that an award of $7,355.01 in costs related to the depositions in this case is proper.

Next, Fifth Circuit case law establishes that the copying costs for discovery and documents filed with the court are generally recoverable.  *See Fogleman*, 920 F.2d at 286 (noting that copying

costs for discovery and documents filed with the court are generally recoverable).  Further, the cost of obtaining copies of documents from public entities is also recoverable.  *See Lovell*, 1999 WL 1029091, at *3.  Mindful that the cost of copies is limited to those necessarily obtained for use in the case, however, Defendants are only seeking $2,948.50 for in-house copying.  *See id.*; *Lovell v. Glen Oaks Hosp., Freight*, No. 3:97-cv-318, 1991 WL 1029091, at *2 (N.D. Tex. Nov. 10, 1999).

For the foregoing reasons, Defendants respectfully request that the Court grant their Bill of Costs for $10,303.51 and grant Defendants any other relief to which they may be entitled.

Dated:  April 15, 2019

Respectfully submitted,

*/s/ Shauna Johnson Clark w/p JSM*

    Shauna Johnson Clark
    State Bar No. 00790977
    Fed. Id. No. 18235
    shauna.clark@nortonrosefulbright.com

OF COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Jamila S. Mensah
State Bar No. 24055963
Fed I.D. No. 705811
jamila.mensah@nortonrosefulbright.com
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

**ATTORNEY IN CHARGE FOR DEFENDANTS WASTE MANAGEMENT OF TEXAS, INC., LOUIS RAMIREZ, MARK JOHNSON, AND LANCE BUTLER**

Fulbright Tower
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile:  (713) 651-5246

LOCAL COUNSEL:
**NORTON ROSE FULBRIGHT US LLP**
Richard Krumholz
State Bar No.  00784425
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201
Telephone:  (214) 855-8022
Facsimile:  (214) 855-8200
richard.krumholz@nortonrosefulbright.com

## CERTIFICATE OF SERVICE

I hereby certify that this pleading was served on Plaintiff (*pro se*) *via email and/or certified mail, return receipt requested*, on April 15, 2019:

    Andre W. Williams, Sr., Pro se
    1702 Windsong Trail
    Richardson, Texas 75081

*/s/Jamila S. Mensah*
Jamila S. Mensah