IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2943-L-BN |
| | § | |
| Waste Management, Inc.; Louis | § | |
| Ramirez; Lance Butler; and Mark | § | |
| Johnson, | § | |
|     Defendants. | § | |

## PLAINTIFF'S OBJECTIONS DEFENDANTS' REQUEST FOR BILL OF COSTS

Plaintiff Andre W. Williams, Sr. *Pro se,* hereby object to Defendants' Bill of Costs.

Defendants' Bill should be denied because:

(1)    they have failed to satisfy their burden to prove the necessity of the exorbitant costs;

(2)    issuance to the Bill would impose a significant and inequitable hardship on the Plaintiff.

## I.

## ARGUMENTS AND AUTHORITIES

Under 28 U.S.C. § 1920, a federal court "may" tax only those court costs explicitly set forth in the statute. *Capital Metropolitan Transp. Authority* v. *Gillig Corp.,* 2005 WL 1241877, at *2 (W.D. Tex. 2005) (Sparks, J.). Section 1920 "is phrased permissively because [Fed. R. Civ. P. 54(d)] generally grants a federal court discretion to refuse to tax costs in favor of the prevailing party." *Id.* (citing *Crawford Fitting Co. V.J.T. Gibbons, Inc.,* 482 U.S. 437,441-42 1987)). The party seeking recovery of its costs bears the burden of proving the

PLAINTIFFS OBJECTIONS TO DEFENDANTS' BILL OF COSTS         1

amount and necessity of its costs. *Id.* (citing *Holmes* v. *Cessna Aircraft Co.,* 11 F.3d 63, 64 (5th Cir. 1994).

In this case, Defendant s have not only failed to prove the necessity of its requested costs for records of past employment history of the Plaintiff which had nothing to do with the issues of this case, nor not a single document from the defendants request, which totals approximately $2,027 (*see* Bill of Costs at Exhibit A) was used in their Appendix for Summary Judgement. The Subpoenas issued by the defendants where simply an unnecessary legal fishing expedition, which they attempt to burden the Plaintiff with the cost. Further the Defendant conveniently offers no breakdown of cost for the taking of the Deposition of the Plaintiff, Video Services and fees were unnecessary and served no purpose as useful evidence in the Summary Judgement Decision in the approximate amount of $4,401. (*see* Supplement to Bill of Costs at Exhibit B). Defendants' requested expedited copies of two other Depositions totaling approximately $2,954.00; (see supplement of Bill of Costs at Exhibit C), in which was also unnecessary, these costs were self - inflicted by the Defendant through delay tactics to finally agree to schedule depositions just before deadline closings. Award of such costs impose a substantial hardship on Plaintiff.

More importantly, and regardless of the any accepted proof provided by Defendants in this case, it would work an enormous hardship on Plaintiffs to impose nearly $10,400 in costs on him. Plaintiff belong to a working-class family that suffered a terrible injustice when his Civil Rights were wrongfully violated. The amount sought in costs by Defendants Waste Management Inc., which is a large corporation with profits in the billions of dollars, would significantly cut into Plaintiffs' ability to pay his month -to-month financial obligations and affect others in his family that rely upon his assistance. Thus, Plaintiffs request that the Court exercise its discretion to refrain from the imposition of costs in this case.

## II.

## THE COURT SHOULD EXERCISE IT DISCRETION TO DENY THE DEFENDANTS' BILL OF COSTS TO AVOID INJUSTICE

Should the Court evaluate the application on the merits, the Court should deny it. The Court "has the discretion to deny an award of costs," where "there would be an element of injustice in a presumptive cost award." *Ellis v. Grant Thornton LLP*, 434 Fed. Appx. 232, 235 (4th Cir. 2011). In exercising this discretion, courts generally consider five factors: "(1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Id*. The second and fifth factors weigh heavily towards the denial of Defendants' bill of costs under the circumstances of this case. *See Levy v. Lexington County*, C/A No. 3:03-3093-MBS, 2012 U.S. Dist. LEXIS 180782, at *7-9 (D.S.C. Dec. 20, 2012) (denying defendants' bill of costs where "the issues were close and difficult," the claims were "of paramount importance, and the court is of the opinion that Plaintiffs were sincere in advancing the within litigation," and "Plaintiffs contend that they are of modest means").

First, Plaintiff would be financially unable to pay the costs itemized by Defendants. Plaintiff Williams is currently employed as a School Bus Driver, and only works 9-months out of the year and manages a total yearly income of $21,512. (*see* W2's at Exhibit D). Defendants' Bill of Cost is almost half of the Plaintiffs total yearly salary. Every Defendant in this case has a salary 4 times or more than the salary of the Plaintiff. The Plaintiff suffered an income differential loss of approximately $35,000 of yearly income when he was wrongfully terminated by the Defendants. In pursuing this case to seek justice the Plaintiff has incurred additional cost and expenses over nearly a six-year time span since his termination and close

to two and a half years since filing his suit ranging close to approximately $20,000. Although the court notes that the Plaintiff had paid the initial filing fee the court is unaware the of the debt the Plaintiff incurred by borrowing the money to successfully do so. The court also denied the Plaintiff when he requested to be acknowledged for lack of income *see* [Dkt. No. 64] *See Musick* v. *Dore! Juvenile Group, Inc.,* Case No. I:IICV00005, 2012 U.S. Dist. LEXIS 17734, at *3-4 (W.D. Va. Feb. 13,2012) (denying award of costs where Plaintiff had a "modest income" and the issues in the case were "close and difficult").

Second, the issues in the case "were close and difficult." *Ellis,* 434 F. App'x at 235 (holding that the district court did not abuse its discretion by refusing to award costs to the prevailing defendant, based on Plaintiff's inability to pay, where the issues in the case were "close and difficult"). The question resulting in the dismissal of the Plaintiffs claims stemming on the exhaustion of Administrative Remedies with the Plaintiffs argument of how poorly his charges were processed by the EEOC. In sum, where a Plaintiff of modest means presented claims and saw them dismissed on close and difficult questions of law, awarding costs from the Plaintiff to Waste Management Inc, a multi-billion-dollar corporation, would be unjust.

In Houston, the 1st District has noted. "[g]enerally, in Texas, expenses incurred in prosecuting or defending a lawsuit are not recoverable as cost, unless permitted by a statue or equitable principle" therefore, since "the rule providing for taxing of cost for depositions" are not required by law, "they are not properly taxable as cost. *Shaikh v. Aerovias de Mexico,* 127 S. W. 3d 76, 82 (Tex.App. - Houston [1st Dist. 2003], Shaik relied on the same logic in refusing to award cost for videotaping depositions. Videotapes are not required by law and are part of the expenses of litigation, "and thus the cost of videotaping deposition s cannot be recovered. *Id 82.Gumpert v. ABF Freight System* came to a similar conclusion, noting it was an issue of

first impression 312 S. W. 3d 237, 242 (Tex App. - Dallas 2010) it went on to hold, "[B]ecause no statute of rule authorizes the recovery of the cost to videotape a deposition or obtain a copy Of a deposition transcript," the trial court erred by awarding those cost. Then following the Austin Court agreed with *Gumpert* that it was error to award costs for copies of deposition transcripts to a party who did not originally notice or initiate the depositions? *Star Operations, Inc v. Dig Tech.*, No. 03- 15-00423-CV, 2017 WL 3263352, *16 (Tex. App. 2017).

## III.

## CONCLUSION

Plaintiff respectfully request that the Court refrain from imposing costs in this case.

Dated: April 29, 2019

Respectfully submitted

By: _____

Andre W. Williams, Sr.
1702 Windsong Trail
Richardson, Texas 75081

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2019, a true and correct copy of the above and foregoing document has been served via electronic filing and email on the following:

_____

Andre W. Williams Sr., *pro se*
1702 WINDSONG TRAIL
RICHARDSON, TEXAS  75081

OF COUNSEL:

**NORTON ROSE FULBRIGHT US LLP**      **ATTORNEY IN CHARGE FOR DEFENDANT**
Jamila S. Mensah                                      **WASTE MANAGEMENT OF TEXAS, INC.**
State Bar No. 24055963                            **LOUIS RAMIREZ**
Fed I.D. No. 705811                                 **MARK JOHNSON AND**
jamila.mensah@nortonrosefulbrigh.com    **LANCE BUTLER**
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com

Fulbright Tower
1301 McKinney, Suite 5100
Houston. Texas 77010-3095
Telephone: (713) 651- 5151
Facsimile: (7 13) 65 1-5 246

LOCAL COUNCIL
**NORTON ROSE FULBRIGHT US LLP**
Richard Krumholz
State Bar No. 00784425
2200 Ross Avenue, Suite 2800
Dallas, Texas 75021
Telephone: (214) 855-8022
Facsimile: (214) 855-8200
Richard.krumholz@nortonrosefulbright.com

PLAINTIFFS OBJECTIONS TO DEFENDANTS' BILL OF COSTS                                    6