IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2943-L-BN |
| | § | |
| WASTE MANAGEMENT, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

## ORDER SETTING BRIEFING SCHEDULE

Defendants Waste Management of Texas, Inc., Louis Ramirez, Mark Johnson, and Lance Butler filed a Bill of Costs under Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1. *See* Dkt. No. 98. Although the Clerk of Court taxed costs totaling $10,303.51 against Plaintiff Andre W. Williams, Sr. on April 29, 2019, *see* Dkt. No. 100, the same day, Williams filed Plaintiff's Objections Defendants' Request for Bill of Costs [Dkt. No. 99] (the "Objections").

United States District Judge Sam A. Lindsay referred the Objections to the undersigned United States magistrate judge for hearing, if necessary, and to submit proposed findings and recommendations for their disposition under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 101.

Williams did not proceed *in forma pauperis* in this action. But, through the Objections, he cites his current financial situation as a reason to deny Defendants' costs. And, although not made through a sworn declaration, he does provide some documentary evidence of probable financial hardship. *See* Dkt. No. 99-4.

"Indigency alone does not prevent the taxation of costs against a plaintiff." *Malagon v. Crescent Hotels & Resorts*, No. 3:16-cv-644-D, 2018 WL 2329305, at *2 (N.D. Tex. May 23, 2018) (citations omitted). But "the losing party's limited financial resources" and – also seemingly applicable here – "the prevailing party's enormous financial resources" are two of "'[a] wide range of reasons [that federal courts] have invoked to justify withholding costs from the prevailing party.'" *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (quoting 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998)).

And, because Williams has offered some documentary evidence of probable indigency, *cf. Malagon*, 2018 WL 2329305, at *3 ("Without evidence of his inability to pay due to limited financial resources, however, Plaintiff's statements alone do 'not overcome the presumption in favor of taxing costs.'" (collecting cases)), he is ORDERED to supplement the Objections with a sworn financial affidavit, which the Clerk of Court shall attach to this order.

The fully completed and verified financial affidavit must be filed no later than **May 9, 2019**. Defendants must file a written response to the Objections as supplemented by **May 24, 2019**. And Williams may file a written reply to that response by **May 31, 2019**.

SO ORDERED.

DATED: May 1, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

-2-