IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:16-CV-2943-L-BN |
| | § | |
| Waste Management, Inc.; Louis | § | |
| Ramirez; Lance Butler; and Mark | § | |
| Johnson, | § | |
| Defendants. | § | |

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO BILL OF COSTS

Plaintiff Andre W. Williams, Sr. *Pros se*, files this Reply to Defendants Response to Plaintiff's Objections to Defendants' Bill of Costs and would respectfully show the court as follows:

### I.

### INTRODUCTION

Williams will not burden the Court with a lengthy reply in support of Plaintiff's Objection to Defendants Bill of Costs. First Williams brief summarization of events related to the Defendants, should assist in establishing with the Court, Defendants' costs were unnecessarily incurred. Secondly, there exists a personal financial hardship of the Plaintiff.

### II.

### ARGUMENT

Defined as having sound judgment; fair and sensible is Reasonable. Since the initial filing of this case, the Defendants actions were far from fair and sensible. The Defendants allege that Williams refused to reasonably participate in discovery, which being evident in the Exhibits will

show in fact, it was the Defendants who refused to reasonably participate in discovery and intentionally caused the discovery to be drawn out, *see* DE 47 Exhibit pgs. 3 - 4. Mysteriously, process serving upon the Defendants was delayed. Certified mail, allowed to be open, read and returned to the Plaintiff as not received. Plaintiff had valid reasons to be concerned that he may never acquire the discovery that was pertinent to this case. The Court exercised its discretion in denying Plaintiff's motion for default judgment against Butler and Johnson, *see* DE 34. The initial scheduling order was set March 24, 2017, *see* DE 20. Johnson finally responded to the Court August 10, 2017, nearly a month later Butler then followed September 6, 2017 and a Certificate of Interested Parties was filed September 7, 2017, *see* DE 30, 33, 35.

To display further, regarding delays by the Defendants, a Joint Motion for Settlement Conference filed November 15, 2017, *see* DE 37, exhibit emails dated from October 27, 2017 thru December 4, 2017. The Defendants propose dates of availability. Knowingly the designated dates in advance in which they chose. Defendants, then cancels and proposes future dates, which consume a time span over two months. Further, Counsel for the Defendants, in a November 2017 email exhibit, admittingly acknowledges that the Magistrate Orders' regarding the individual Defendants, are required to appear at the Settlement Conference. Yet, during the Settlement Conference finally held in January 2018, Defendants' Counsel declares to the Magistrate, she did not know her clients were required to appear. These actions were not reasonable and were far from fair and sensible.

Exhibit emails dated March 15, 2018 thru July 2, 2018 displays the Plaintiff's efforts to conclude all depositions before discovery deadline and not one deposition would have been needed to be ordered as a rush. In March 2018, Williams gave the Defendants his availability for the entire month of April. The Defendants allowed almost 45 days to pass before actively attempting to

resolve or confirm any deposition conflicts. Eventually the actions of the Defendants carried depositions to be finally completed days before discovery deadline, creating a rush. Had the Defendants allowed more time, they would have received the depositions to be corrected and possessed a copy at a considerably less amount. These actions by the Defendants' were not reasonable and were far from fair and sensible.

Waste Management, Inc. has not satisfied its burden that costs were reasonable and necessarily incurred, the Defendant's argument regarding video tape dispositions stands behind "may have" or "might be". The reference used by the Defendants as the video needed to be used to strike evidence was such not the case, the Defendants' request was based off handwritten notes, nothing that a video graph deposition was needed for. The matters were not that complex of a case, and the presence of the video was merely an attempt to make the Plaintiff feel uncomfortable during his deposition.

Finally, despite the Defendants argument that Williams may not rely on the contention that this case was close and difficult, is not without merit. Though the ruling of the Court found for the Defendants, in referencing as to whether Williams had exhausted his administrative remedies, the Court states in its findings, *see* DE 93, it is uncertain as to if an email was sent and if that said email was received? Which itself is a "close and difficult" determination to make when the email recipient of the agency, became deceased during the middle of the investigation. As unfortunate as is the circumstance, awarding the Defendants Bill of Costs of any amount upon the Plaintiff, whose financial status is one under hardship, would be greatly a misfortune.

## III.

## CONCLUSION

Considering the fore mentioned above, plaintiff respectfully requests that the court deny Waste Management Bill of Cost.

Dated: May 30th, 2019

Respectfully submitted

By: _____

Andre W. Williams, Sr.
1702 Windsong Trail
Richardson, Texas 75081

## CERTIFICATE OF SERVICE

I hereby certify that on May 30th, 2019, a true and correct copy of the above and foregoing document has been served via electronic filing and email on the following:

_____

Andre W. Williams Sr., *pro se*
1702 WINDSONG TRAIL
RICHARDSON, TEXAS  75081

OF COUNSEL:

**NORTON ROSE FULBRIGHT US LLP**

Jamila S. Mensah
State Bar No. 24055963
Fed I.D. No. 705811
jamila.mensah@nortonrosefulbrigh.com
Fazila Issa
State Bar No. 24046136
Fed I.D. No. 566478
fazila.issa@nortonrosefulbright.com
Fulbright Tower
1301 McKinney, Suite 5100
Houston. Texas 77010-3095
Telephone: (713) 651- 5151
Facsimile: (7 13) 65 1-5 246

**ATTORNEY IN CHARGE FOR DEFENDANT**
**WASTE M ANAGEMENT OF TEXAS, INC.**
**LOUIS RAMIREZ**
**MARK JOHNSON AND**
**LANCE BUTLER**

LOCAL COUNCIL
**NORTON ROSE FULBRIGHT US LLP**

Richard Krumholz
State Bar No. 00784425
2200 Ross Avenue, Suite 2800
Dallas, Texas 75021
Telephone: (214) 855-8022
Facsimile: (214) 855-8200    Richard.krumholz@nortonrosefulbright.com