IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANDRE W. WILLIAMS, SR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:16-cv-2943-L-BN |
| | § | |
| WASTE MANAGEMENT, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Defendants Waste Management of Texas, Inc., Louis Ramirez, Mark Johnson, and Lance Butler filed a Bill of Costs under Federal Rule of Civil Procedure 54(d) and Local Civil Rule 54.1. *See* Dkt. No. 98. The Clerk of Court taxed costs totaling $10,303.51 against Plaintiff Andre W. Williams, Sr. on April 29, 2019. *See* Dkt. No. 100. The same day, Williams filed Plaintiff's "Objections [to] Defendants' Request for Bill of Costs" [Dkt. No. 99] (the "Objections").

United States District Judge Sam A. Lindsay referred the Objections to the undersigned United States magistrate judge for hearing, if necessary, and to submit proposed findings and recommendations for their disposition under 28 U.S.C. § 636(b) and an order of reference. *See* Dkt. No. 101.

Williams did not file this action *in forma pauperis*. But, through the Objections, he cited his current financial situation as a reason to deny Defendants' costs. And, although not made through a sworn declaration, he did provide some documentary evidence of probable financial hardship. *See* Dkt. No. 99-4. The undersigned therefore

required that he file a fully complete and verified financial affidavit, *see* Dkt. No. 102 (citing *Malagon v. Crescent Hotels & Resorts*, No. 3:16-cv-644-D, 2018 WL 2329305, at *3 (N.D. Tex. May 23, 2018) ("Without evidence of his inability to pay due to limited financial resources, however, Plaintiff's statements alone do 'not overcome the presumption in favor of taxing costs.'" (collecting cases))), and further ordered Defendants to respond to the Objections as supplemented and allowed Williams leave to file a reply to that response, *see id*.

A conforming financial affidavit, a response, and a reply were filed. *See* Dkt. Nos. 104, 108, & 112.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should overrule the Objections.

## Legal Standards and Analysis

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: 'Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party.'" *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (quoting *Moore v. CITGO Ref. & Chems. Co.*, 735 F.3d 309, 319 (5th Cir. 2013); brackets omitted); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

> That said,
>
> a district court may, but is not required to, deny a prevailing party costs where suit was brought in good faith and denial is based on at least one of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing, in turn, 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheo*, the United States Court of Appeals for the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Id.* (quoting *Pacheo*, 448 F.3d at 794 n.18; brackets omitted). The Fifth Circuit did subsequently hold, however, that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs," *id.* (citing *Moore*, 735 F.3d at 319-20) – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs,'" *id.* (quoting *Pacheco*, 448 F.3d at 793). Relatedly, the Court of Appeals has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

And the Fifth Circuit has rejected an interpretation that *Pacheo* means "it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors identified in" Wright & Miller. *Mercer v.*

-3-

*Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam).

> The plaintiffs assert that the district court abused its discretion in awarding costs to Patterson-UTI because the plaintiffs litigated the case in "good faith, and the case involved a 'close and difficult' issue of first impression." The plaintiffs interpret *Pacheco* to mean it is proper to deny costs when the losing party brought the case in good faith and also satisfied at least one of five factors identified in a treatise as all or most of the reasons the court had previously denied costs. *See* 448 F.3d at 794. Plaintiffs misread the precedent. We made no holding that good faith plus one factor requires denying costs to a prevailing party. We were explicit on the point: "These reasons are enumerated only for the purpose of exposition. We do not decide whether any of these is a sufficient reason to deny costs." *Id.* at 794 n.18. We did hold that "the losing party's good faith is alone insufficient to justify the denial of costs to the prevailing party." *Id.* at 795. We later restated the limited holding of that case.

*Id.* (citation and brackets omitted).

Here, even if the Court assumes that Williams "brought suit in good faith and [that his] financial condition is dire," it is "not required to deny [Defendants their] costs because of [their] comparative ability to more easily bear the costs." *Smith*, 909 F.3d at 753. And Williams fails to credibly identify either a close and difficult legal issue that his case presented or a substantial benefit it conferred on the public. *See* Dkt. No. 112.

As to alleged misconduct, Williams focuses on the scheduling and taking of depositions, *see* Dkt. No. 112 at 2-3, the costs of which account for more than 70 percent of the costs taxed against him, *see* Dkt. No. 98. But Williams has neither credibly alleged misconduct by Defendants related to the three depositions obtained (or discovery generally) nor "that the depositions obtained[ – including Defendants' need to videotape Williams's deposition – ]were not necessarily obtained for use in the

case," *Vital*, 685 F. App'x at 360, especially considering that Williams noticed the depositions of Ramirez and Johnson, *see* Dkt. No. 108 at 2-3; Dkt. No. 108-1.

That leaves as the remaining ground to deny Defendants' their costs the parties' relative financial means. But, given the case law set out above, this ground alone is not a valid reason "to withhold costs." *Smith*, 909 F.3d at 753 ("Citing *Moore* and the strong presumption toward awarding costs in Federal Rule of Civil Procedure 54, the district court declined to withhold costs on the basis of financial hardship alone. We can find no error in the district court's methodology or conclusion, and conclude the district court acted within its discretion in its award of costs."). The Court should therefore overrule the Objections.

## Recommendation

The Court should overrule Plaintiff Andre W. Williams, Sr.'s "Objections [to] Defendants' Request for Bill of Costs" [Dkt. No. 99].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 31, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE